IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cheryl M. Turner, | C/A No. 0:18-485-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Nancy Berryhill, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff, proceeding pro se, has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On March 21, 2019, Magistrate Judge Paige J. Gossett issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 25. On April 3, 2019,[1] Plaintiff filed Objections to the Report, and the Commissioner filed a Reply on April 12, 2019. ECF Nos. 27, 28. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the

---

[1] The Objections are dated April 1, 2019; however, as Plaintiff is pro se, they were not filed on ECF until April 3, 2019.

1

Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **BACKGROUND**

Plaintiff applied for DIB in March 2014, alleging that she had been disabled since September 24, 2012, due to asthma, diabetes, high blood pressure, fibromyalgia, arthritis, congestive heart failure, acid reflux, and obesity. Plaintiff's claims were denied initially

2

and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 17, 2016.[2] The ALJ denied Plaintiff's claims in a decision issued on February 27, 2017. The Appeals Council denied Plaintiff's request for a review, making the determination of the ALJ the final decision of the Commissioner.

## DISCUSSION

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects to the Report, generally claiming that the Magistrate erred in recommending that the ALJ's opinion be affirmed. Plaintiff references additional medical documentation[3] related to her alleged disabilities, as well as new medical problems not addressed in the underlying administrative proceeding.

Although Plaintiff did not file specific objections to any of the Report's recommendations, the Court has reviewed the record, the Report, and the applicable law de novo out of an abundance of caution. The Court concludes that the ALJ's opinion is supported by substantial evidence and does not contain any errors of law. The Report thoroughly addresses the relevant issues, and the Court adopts and incorporates the Report by reference herein.

## CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the Report and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

---

[2] Plaintiff was represented by counsel at the hearing.

[3] Plaintiff may, of course, file a new application for disability based on any new medical evidence.

3

                                        s/ Donald C. Coggins, Jr.
                                        United States District Judge

September 19, 2019
Spartanburg, South Carolina